# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**JOEL C. THIBODEAUX,**                          **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                       **No.  12-1375**

**WELLMATE, ET AL,**                             **SECTION "E"**
    **Defendants**

## ORDER AND REASONS

Before the Court is a Motion for Evidentiary Ruling filed by defendant Pentair Water Treatment Company ("Pentair").[1] Plaintiff, Joel Thibodeaux ("Thibodeaux"), opposes Pentair's motion.[2] Pentair filed a reply to Thibodeaux's opposition.[3]

## BACKGROUND

Thibodeaux was injured on an offshore platform when the bladder of a WellMate potable water tank ("WPT") manufactured by Pentair burst.[4] Plaintiff filed suit against Pentair for damages under the Louisiana Products Liability Act (LPLA).[5] Chevron U.S.A. ("Chevron"), as Thibodeaux's employer, filed a complaint in intervention.[6]

After the accident, Chevron notified the Bureau of Safety and Environmental Enforcement ("BSEE")(then known as the Bureau of Ocean Management, Regulation and

---

[1]R. Doc. 40.

[2]R. Doc. 42.

[3]R. Doc. 48.

[4]R. Doc. 35. Plaintiff's second amended complaint.

[5]R. Doc. 35.

[6]R. Doc. 28. Chevron has paid indemnity and medical benefits to Thibodeaux under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), and claims it is entitled to reimbursement out of any judgment in favor of Thibodeaux for all compensation and medical benefits Chevron has paid to Thibodeaux.

Enforcement, or "BOEMRE"). BSEE is responsible for ensuring offshore lease and permit holders comply with the Outer Continental Shelf Lands Act ("OCSLA"). *See* 30 C.F.R. § 250.101, *et seq.* BSEE conducted an investigation and prepared a report concerning the accident pursuant to 30 C.F.R. § 250.193. Pentair moves the Court to issue an order declaring the BSEE accident investigation report, and all attachments thereto,[7] admissible pursuant to Federal Rule of Evidence 803(8). Thibodeaux objects to the admission of the report and all attachments.[8]

## LAW AND ANALYSIS

### A. Rule 803(8)

Rule 803(8) of the Federal Rules of Evidence provides, in relevant part, that the following items are exceptions to the hearsay rule and are admissible evidence:

> "[a] record or statement of a public office if it sets out ... in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and neither the source of the information nor other circumstances indicate a lack of trustworthiness."

Fed. R. Evid. 803(8).

Rule 803 excludes certain types of statements from the hearsay ban, even though the declarant is available as a witness, primarily because "under certain circumstances, a statement, although it is hearsay, may still possess circumstantial guarantees of trustworthiness sufficient to justify its admission as evidence." *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991)(citing *Rock v. Huffco Gas & Oil Co.*, 922

---

[7]R. Doc 40-2, pp. 26-57.

[8]The Department of the Interior certification of its official records located in R. Doc. 40-2, p. 25 lists two other documents, the "BOEMRE Safety Alert" and the "WELLMATE Water Systems." Those two documents are not part of the report or attachments and their admissibility is not addressed by this Order.

F.2d 272, 280 (5th Cir. 1991). The Advisory Committee that formulated the federal evidence rules noted that "justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record."*Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith Inc.*, 805 F.2d 49, 54 (2d. Cir. 1986).

The United States Supreme Court has held that accident reports containing an investigators' conclusions and opinions satisfy Rule 803(8) as long as the conclusions are "based on a factual investigation and satisf[y] the Rule's trustworthiness requirement." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). Under 803(8), reports based on factual investigations are presumed admissible unless there are "indications of untrustworthiness." *Moss*, 933 F.2d at 1305. The "inability of the [party opposing the admission of the report] to cross-examine the author on the conclusions in the report is not a reason for exclusion." *Aransas Project v. Shaw*, 930 F. Supp. 2d 716, 772 (S.D. Tex. 2013)(citing *Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (4th Cir. 1993)).

### B. Legal Conclusions and Rule 803(8)

In *Beech Aircraft Corp. v. Rainey*, the Supreme Court rejected the argument that the term "factual findings" in Rule 803(8) encompassed only "facts" and not "opinions" and "conclusions."488 U.S. at 170. The Court held that factually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8). *Id.* But the Supreme Court left for another day the question of whether legal conclusions are admissible as findings of fact:

We emphasize that the issue in this litigation is whether Rule 803(8)(c)

3

recognizes any difference between statements of "fact" and "opinion." There is no question here of any distinction between "fact" and "law." We thus express no opinion on whether legal conclusions contained in an official report are admissible as "findings of fact" under Rule 803(8)(c).

*Id.*[9] Three circuit courts, the Fourth, Ninth and Eleventh, have addressed this issue and found that conclusions of law are not admissible as factual findings under Rule 803(8). *See Zeus Enters., Inc. v. Alphin Aircraft Inc.*, 190 F.3d 238 (4th Cir. 1999); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770 (9th Cir. 2010); *Hines v. Brandon Steel Decks, Inc.*, 886 F. 2d 299 (11th Cir. 1989).   In *Hines*, the Eleventh Circuit explained that legal conclusions within a report are not admissible because "the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements of the underlying legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." 886 F.2d at 303.  The Court has been unable to find an opinion in which our circuit court addresses this issue.

The Court finds the reasoning of the Fourth, Ninth and Eleventh circuits persuasive and holds that the portions of a public report containing legal conclusions are not included within the hearsay exception of Rule 803(8) and thus are inadmissible hearsay.  While the majority of the BSEE report is fact based and therefore admissible under Rule 803(8) so long as the information is trustworthy, Paragraphs 8, 18, and 19 of the Accident Investigation Report, as well as Paragraph 7 of the Accident/Incident Form, contain BSEE's legal conclusions concerning the probable cause of the accident and the contributing causes of the accident and as a result are inadmissible hearsay.

---

[9]In 2011, the Federal Rules of Evidence were restyled. Current Rule 803(8) was previously Rule 803(8)(C). *See* Fed. R. Evid. 803 advisory committee's note on 2011 amendments ("The language of Rule 803 has been amended as part of the restyling of the Evidence Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.")

### B. Factual Findings of the Report

The remaining portions of the BSEE report and the attachments thereto must be examined separately for admissibility under Rule 803(8).[10] Thibodeaux does not dispute the BSEE accident investigation report is a record or statement of a public office issued as the result of an authorized investigation. In fact, 30 C.F.R. § 250.193 expressly authorizes the BSEE to investigate and prepare reports concerning hazardous or unsafe working conditions.  Instead, Thibodeaux argues the remainder of the report is not admissible because it contains certain unreliable findings  which render the report untrustworthy.

Rule 803(8) explicitly excepts from the hearsay rule such public records and reports resulting from investigations made pursuant to authority granted by law because they contain "inherent indicia of trustworthiness." *In re Complaint of Nautilus Motor Tanker Co.*, 862 F. Supp. at 1255 (citing *Clark v. Claubaugh*, 20 F.3d 1290 (3d Cir. 1994)). As a result, "an initial presumption of admissibility" attaches to an investigation report under Rule 803(8). *Masello v. Stanley Works, Inc.*, 825 F. Supp. 308, 315 (D.N.H. 2011) (citations omitted). It is the burden of the party opposing admission to demonstrate lack of trustworthiness. *Moss*, 933 F.2d at 1305. In *Beech Aircraft*, the Supreme Court enumerated the four factors to be considered when evaluating the trustworthiness of such reports: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation. 488 U.S. at 167, n. 11. To exclude evidence under Rule 803(8), Thibodeaux must make "an affirmative showing of untrustworthiness, beyond the obvious fact that the

---

[10]The Fifth Circuit recognizes a district court has the discretion to admit only portions of an investigatory report under Rule 803(8). *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).

declarant is not in court to testify." *Bradford Trust Co. v. Merril Lynch Pierce, Fenner, and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986)(quoting *Kehm v. Proctor & Gamble Manufacturing Co.*, 724 F.2d 613, 618 (8th Cir. 1983)).

Thibodeaux points to the findings in the report regarding the WPT's pressure, and other language in the report Thibodeaux believes creates a false impression, as evidence of untrustworthiness. He also argues the report is untrustworthy because it does not consider Pentair's contribution to the accident and is therefore incomplete.[11]

To judge trustworthiness, the Court "is to determine primarily whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon ..." *Moss*, 933 F.2d at 1307. The Court must not "focus on the accuracy or completeness of the document's conclusions" in determining whether or not a report is trustworthy. *Id.* Assertions that "reports are incomplete and inaccurate are matters going to the weight of [the] evidence and not its admissibility." *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981). Thibodeaux has not shown any deficiencies in how the report was compiled, and his arguments concerning the accuracy and completeness of the report do not bear on its trustworthiness. Thibodeaux will have the opportunity to challenge the factual findings contained in the report and admitting the report into evidence will not diminish Thibodeaux's ultimate safeguard, the "right to present evidence tending to contradict or diminish the weight of [the report's findings]." *Beech Aircraft Corp.*, 488 U.S. at 167-68.

Thibodeaux has not pointed out any serious deficiencies calling into question the trustworthiness of the BSEE report under the four factor test of *Beech Aircraft*. The BSEE report was timely as it was initiated the day after Thibodeaux's accident and completed

---

[11]R. Doc. 42, p. 4-5.

within less than two months. There is no evidence the investigators, Wade Guillote, Tom Basey, Jason Abshire, Raymond Johnson, and Gerald Gonzales, or their District Supervisor, Elliot Smith, lacked any skill or experience, or that the report is tainted with any bias. Although a hearing was not conducted, the lack of a hearing is not dispositive of the report's trustworthiness. *See Bank of Lexington & Trust Co. v. Vining-Sparks Secur., Inc.*, 959 F.2d 606, 617 (6th Cir. 1992); *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 8724 at *7 (E.D. La. March. 6, 2006). Accordingly, considering the four factors outlined in *Beech Aircraft*, the Court finds Thibodeaux has not carried his burden to show the factual findings in the remainder of the BSEE report and attachments thereto are untrustworthy. The remainder of the BSEE investigation report and the attachments thereto, excluding Paragraphs 8, 18, and 19 of the Accident Investigation Report, as well as Paragraph 7 of the Accident/Incident Form, is admissible under Rule 803(8).

### B. Rule 403

Thibodeaux additionally argues, even if the remainder of the BSEE report is otherwise admissible as a public record under Rule 803(8), it should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. Thibodeaux argues the BSEE report is unfairly prejudicial because the report does not consider Pentair's potential contribution to the accident and instead only examines Chevron's involvement in the accident, but this concern has been addressed by the exclusion of Paragraphs 8, 18, and 19 of the Accident Investigation Report and Paragraph 7 of the Accident/Incident Form concerning legal causation. Thibodeaux's only other

argument is that the material in the remainder of the BSEE report is cumulative of other admissible evidence.

The report documents an investigation into the incident giving rise to this litigation, making it "highly probative." *Masello*, 825 F. Supp. 2d at 316 (finding a report conducted by OSHA highly probative because it investigated the workplace incident giving rise to the lawsuit) (internal citations omitted). Although the report may be slightly prejudicial, it is not unfairly prejudicial. "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *U.S. v. McCrae*, 593 F.2d 700, 707 (5th Cir. 1979). Although Thibodeaux states the report will be cumulative, he fails to demonstrate the factual findings in the report that will be cumulative of other evidence to be introduced at trial. Moreover, the Fifth Circuit has warned that the balancing test of Rule 403 should not be misused in such a way that "would end the presumption that evaluative reports are admissible hearsay under Rule 803(8)." *Moss*, 933 F.2d at 1308-09. Accordingly, the Court finds that the probative value of the BSEE investigation report and attachments thereto, excluding Paragraphs 8, 18 and 19 of the Accident Investigation Report, and Paragraph 7 of the Accident/Incident Form, is not substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence under Rule 403.[12]

## CONCLUSION

For the above stated reasons, **IT IS ORDERED** that Pentair's Motion for Evidentiary Ruling be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

---

[12]Thibodeaux is free to request that the jury be instructed that it may not allow the BSEE investigator's judgment to subsume their own. *See e.g., In re Plywood Antitrust Litigation*, 655 F.2d 627, 637 (5th Cir. 1981); *Distaff, Inc. v. Springfield Contracting Corp.* 984 F.2d 108, 112 n. 3 (4th Cir. 1993); *Cohen v. General Motors Corp.*, 534 F. Supp. 509, 512 (W.D. Mo. 1982).

Paragraphs 8, 18, and 19 of the Accident Investigation Report, and Paragraph 7 of the Accident/Incident Form, are not admissible into evidence, but the remainder of the BSEE report and the attachments thereto are admissible under Rule 803(8).

**New Orleans, Louisiana, this 31st day of March, 2014.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**