## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL C. THIBODEAUX,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 12-1375** |
| | |
| **WELLMATE, ET AL.** | **SECTION: "E" (5)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court are the omnibus motions *in limine* filed by Plaintiff Joel Thibodeaux ("Thibodeaux") and Defendant Pentair Water Treatment OH Company ("Pentair").[1]

The Court **GRANTS AS UNOPPOSED** Thibodeaux's motion *in limine* with respect to Paragraphs 1, 2, 3, 4, 5, 8, 9, 11, 13, 15, 17, 18, 19, 20, 21, 22, 23, 25, and 26.[2]

The Court also **GRANTS AS UNOPPOSED** Pentair's omnibus motion *in limine*.[3]

Thibodeaux raises several contested matters in his motion *in limine* and argues, "[i]f any of the subjects discussed [in the motion] were brought to the jury's attention directly or indirectly, Thibodeaux would need to seek a new trial."[4] Many of the issues raised by Thibodeaux are governed by the Federal Rules of Evidence. The Court will enforce the Federal Rules of Evidence. Nevertheless, the Court rules on certain of Thibodeaux's opposed requests to prohibit any discussion of, reference to, or allusion to certain matters below:

---

[1] R. Doc. 124 (Plaintiff's motion *in limine*); R. Doc. 127 (Defendant's motion *in limine*).
[2] *See* R. Docs. 124-1, 130.
[3] R. Doc. 127.
[4] R. Doc. 124-1 at 2.

1

### A. **Paragraph 6**

Thibodeaux seeks to exclude any suggestion to the jury "[t]hat Thibodeaux or his counsel is wasting and/or consuming too much of the time of the Court and/or jury, as such statements are irrelevant, improper, and unfairly prejudicial."[5]

Thibodeaux's motion with respect to Paragraph 6 is **GRANTED**. No witness or counsel will be allowed to make statements in the presence of the jury that any party or counsel is wasting the time of the Court or the jury.

### B. **Paragraph 7**

Thibodeaux seeks to exclude "[a]ny mention of the probable testimony of a witness who is absent, unavailable, or not called to testify."[6]

It is unclear to the Court in what context this would occur or whether it will, in fact, be an issue at trial. The Court **DEFERS** ruling on Thibodeaux's motion with respect to Paragraph 7 unless and until this issue is raised in the presence of the jury.

### C. **Paragraph 10**

Thibodeaux seeks to prohibit attorneys from making "[a]ny statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the Court rules on the law applicable to the case."[7]

During opening statements, counsel are to focus on the evidence that will be presented at the trial rather than the law. At the conclusion of the case, the Court will instruct the jury on the law. Before closing arguments, counsel will have a copy of the final

---

[5] *Id.* at 3.
[6] *Id.*
[7] *Id.* at 4.

2

jury instructions. Any statements of the law made by counsel during closing argument is limited to the law contained in the final jury instructions.

### D. <u>Paragraph 12</u>

Thibodeaux's request to limit testimony "relating . . . to any reduction in Thibodeaux's medical expenses received from a collateral source" is addressed in the Court's order on Pentair's motion *in limine* regarding damages for past medical expenses sought by Thibodeaux.[8]

### E. <u>Paragraph 14</u>

Thibodeaux seeks to limit "[a]ny discussions by Pentair's designated experts regarding any tests or studies conducted or by literature reviewed by the designated expert or relied upon by the designated expert that were not disclosed in the written reports or during the oral depositions of the experts, or that have been excluded by this Court."[9]

Rule 26 of the Federal Rules of Civil Procedure requires an expert report to contain "a complete statement of all opinions the witness will express."[10] "[A]n expert report must include all matters about which [the experts] will testify."[11] An expert witness's testimony is generally limited to the areas addressed in the expert's report, though an expert is granted some leniency to explain his or her opinions, so long as the report complies with Rule 26.[12] The Court will **DEFER** ruling unless and until specific issues arise at trial.

---

[8] R. Doc. 166 (Order); R. Doc. 117 (Motion *in limine*).
[9] R. Doc. 124-1 at 3.
[10] FED. R. CIV. P. 26(a)(2)(B)(i).
[11] *Stahl v. Novartis Pharm. Corp.*, No. 99-1048, 2000 WL 33915847, at *2 (E.D. La. Nov. 29, 2000).
[12] *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) (noting that the "basic purpose" of Rule 26 is "preventing prejudice and surprise"); *Adcox v. Webex, Inc.*, No. 99-1535, 2000 WL 322770, at *1 (E.D. La. Mar. 27, 2000); *In re Falcon Workover Co., Inc.*, No. 97-2628, 1999 WL 1095349, at *1 (E.D. La. Dec. 2, 1999).

### F. __Paragraph 16__

Thibodeaux seeks to exclude "[a]ny references to the financial status of Thibodeaux or any member of Thibodeaux's family."[13] Thibodeaux argues that such evidence is irrelevant and that, even if it were relevant, its probative value would be substantially outweighed by the danger of unfair prejudice.[14]

The Court agrees that Thibodeaux's financial status is generally irrelevant and **GRANTS IN PART** the request in Paragraph 16. The Court **DENIES IN PART** the request insofar as Thibodeaux seeks to prevent Pentair from introducing evidence regarding Thibodeaux's vocational abilities or future earning capacity.

### G. __Paragraph 24__

Thibodeaux seeks to preclude Pentair from "[m]aking any mention, reference or introducing evidence of any prior acts and/or omissions on the part of Thibodeaux that are not directly related to the incident and claims and defenses at issue for the reason that the same are not admissible on the issues of negligence, character, or culpable conduct in connection with the event."[15]

As previously mentioned, the Court will enforce the Federal Rules of Evidence. To the extent Thibodeaux seeks to preclude evidence of particular prior acts or omissions, the Court **DEFERS** ruling on Thibodeaux's motion with respect to Paragraph 24 unless and until specific issues arise at trial.

---

[13] R. Doc. 124-1 at 6.
[14] *Id.*
[15] *Id.* at 7.

4

### H. Paragraph 27

Thibodeaux seeks to preclude Pentair from mentioning that it "does not know of a similar accident that has occurred with the water tank that is the subject of this lawsuit."[16] Thibodeaux argues that "such testimony is speculative, as nothing suggests Pentair spoke to each one of its employees to confirm that no one at Pentair knows about a prior, similar accident."[17] Thibodeaux also argues such testimony is irrelevant because "the fact that no similar accidents occurred before this one does not make it more or less likely that the water tank was unreasonably dangerous."[18] Finally, Thibodeaux argues such testimony would improperly confuse the issues and mislead the jury "into thinking that, if Pentair were unaware of any other similar accidents, then no other accidents occurred; the water tank could not be unreasonably dangerous; and Pentair had no knowledge of any potential unreasonably dangerous characteristic of the water tank."[19] Pentair opposes Thibodeaux's request and contends that testimony regarding whether Pentair knows of similar prior accidents is relevant and admissible.[20]

Courts have generally recognized that evidence of the absence of other accidents may be admissible to show "(1) absence of the defect or condition alleged, (2) the lack of a causal relationship between the injury and the defect or condition charged, (3) the nonexistence of an unduly dangerous situation, or (4) want of knowledge (or of grounds to realize) the danger."[21]

---

[16] *Id.* at 8.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] R. Doc. 130 at 15–20.
[21] 1 McCormick on Evid. § 200 (7th ed. 2013).

As a prerequisite for admissibility of evidence indicating the absence of prior accidents, "the defendant must show that the absence of prior accidents took place with respect to machines substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the machine at the time of the accident to allow the jury to connect past experience with the accident sued upon."[22]

The admissibility of evidence of the absence of prior accidents turns on the facts and circumstances of each case.[23] When determining whether evidence of the lack of other accidents is admissible, courts have analyzed whether the probative value is substantially outweighed by other considerations, such as the risk of unfair prejudice or of misleading the jury.[24] The Court of Appeals for the Third Circuit summarized the applicable analytical framework as follows:

> Testimony concerning an alleged absence of prior accidents will usually satisfy the relevance threshold established by Rule 402. Such testimony, however, by its very nature, raises significant concerns regarding unfair prejudice to the plaintiff . . . . District courts are required under Rule 403 to balance the probative value of such evidence against its likely prejudicial effect, but the evidence may not be excluded unless the unfair prejudice created by admitting the evidence would substantially outweigh its probative value. In an effort to ascertain probative value and minimize undue prejudice, other courts considering such evidence have consistently insisted that the offering party lay a proper foundation. In most cases the required foundation has involved three elements: (a) *similarity*—the defendant must show

---

[22] *Fisher v. R.D. Werner Co.*, 1 F.3d 1236 (5th Cir. 1993) (per curiam). *See also Forrest v. Beloit Corp.*, 424 F.3d 344, 358 (3d Cir. 2005); *Espeaignnette v. Gene Tierney Co.*, 43 F.3d 1, 10 (1st Cir. 1994) ("A review of the cases reveals, for the most part, that evidence of the absence of prior accidents may not be admitted unless the offering party first establishes that the 'lack of accidents was in regard to products that are substantially identical to the one at issue and used in settings and circumstances sufficiently similar to those surrounding the machine at the time of the accident.'" (quoting *Klonowski v. Int'l Armament Corp.*, 17 F.3d 992, 996 (7th Cir. 1994))). Louisiana cases are in accord with federal case law on this issue. *See Johnson v. Lowes of Louisiana, Inc.*, 627 So. 2d 177, 179 (La. App. 1 Cir. 3/5/93), *writ denied*, 625 So. 2d 167 (La. 1993) ("Evidence of the absence of prior accidents is relevant and admissible where the proper foundation is laid."); *Jurovich v. Catalanotto*, 506 So.2d 662 (La. App. 5 Cir. 4/13/87), *writ denied*, 508 So.2d 87 (La.1987); *Foster v. Marshall*, 341 So. 2d 1354, 1361 (La. App. 2 Cir. 1/10/77), *writ denied*, 343 So. 2d 1067 (La. 1977), *and writ denied*, 343 So. 2d 1077 (La. 1977).

[23] *Forrest*, 424 F.3d at 358; *Espeaignnette*, 43 F.3d at 10.

[24] *See, e.g., Espeaignnette*, 43 F.3d at 10 (affirming district court's determination that evidence concerning lack of similar accidents was admissible, in part because "the absence of prior accidents is probative and relevant to whether the edger as designed was unreasonably dangerous").

that the proffered testimony relates to substantially identical products used in similar circumstances; (b) *breadth*—the defendant must provide the court with information concerning the number of prior units sold and the extent of prior use; and (c) *awareness*—the defendant must show that it would likely have known of prior accidents had they occurred.[25]

The Court finds that evidence indicating the absence of other similar accidents is relevant and probative in this case. The Court does not find that the probative value of such evidence is outweighed by any risk of unfair prejudice, confusing the issues, or misleading the jury, provided that Pentair lays a proper foundation for the evidence.[26] Therefore, prior to admitting any evidence or testimony regarding the absence of other accidents, Pentair must first "show that the absence of prior accidents took place with respect to [water pressure tanks] substantially identical to the [Wellmate 12 tank] at issue [in this case] and used in settings and circumstances sufficiently similar to those surrounding the [Wellmate 12 tank] at the time of [Thibodeaux's] accident."[27] After Pentair believes it has presented this evidence, Pentair must request a bench conference to inform the Court and opposing counsel that it intends to introduce evidence regarding the absence of other accidents and Thibodeaux will have the opportunity to argue to the Court that an adequate showing has not been made. If the evidence is admitted, Thibodeaux will have the opportunity to attack on cross-examination the credibility of any witness's testimony regarding the absence of prior similar accidents.

## I. **Paragraph 28**

Thibodeaux seeks to exclude "[a]ny statement or argument supporting an issue not contained in the Pre-Trial Order."[28]

---

[25] *Forrest*, 424 F.3d at 358.
[26] *See* FED. R. EVID. 403.
[27] *Fisher*, 1 F.3d at 1236.
[28] R. Doc. 124-1 at 8.

7

Generally, the pretrial order frames the issues to be decided in the case and only evidence relevant to those issues is admissible. The Court will **DEFER** ruling on any specific issue unless and until they arise at trial.

### J. Paragraph 29

Thibodeaux seeks to exclude any mention "[t]hat any government agency including the BSEE found that Chevron committed violations leading to the accident and issued Chevron a citation; that Chevron failed to protect health, safety, and the environment by not performing operations in a safe and workmanlike manner; or that Chevron failed to properly supervise the dismantling of a potable water tank in a safe manner to protect the equipment and employees."[29] Thibodeaux also raises this issue in his objections to Pentair's exhibits.[30]

The Court has already ruled on the admissibility of the report issued by the Bureau of Safety and Environmental Enforcement ("BSEE") and its attachments.[31] The Court will construe Paragraph 29 of Thibodeaux's motion as a motion to reconsider pursuant to Rule 60 of the Federal Rules of Civil Procedure.[32]

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."[33] Rule 60(b) provides relief to prevent "a grave miscarriage of justice."[34] In reviewing the Court's

---

[29] *Id.* at 8–9.

[30] *See* R. Doc. 150 at 1–3.

[31] *See* R. Doc. 67.

[32] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *Gregg v. Weeks Marine, Inc.*, No. 99-1586, 2000 WL 802865, at *1 (E.D. La. May 26, 2000).

[33] FED. R. CIV. P. 60(b)(6).

[34] *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

previous order regarding the admissibility of the BSEE report and attachments, the Court determines that it must set aside part of its order in order to prevent a manifest injustice.

Rule 803 of the Federal Rules of Evidence provides exceptions to the rule against hearsay. Rule 803(8) provides in relevant part that a record or statement of a public office is admissible if "it sets out . . . in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation."[35] The advisory committee notes state that the "[j]ustification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record."[36]

The United States Supreme Court has held that accident reports containing an investigator's conclusions and opinions satisfy Rule 803(8), as long as the conclusions are "based on a factual investigation and satisf[y] the Rule's trustworthiness requirement."[37] In the Court's previous order, it found the reasoning of the Fourth, Ninth, and Eleventh Circuits to be persuasive and held that the portions of a public report containing legal conclusions are not included within the hearsay exception of Rule 803(8).[38]

In Thibodeaux's objections to Pentair's exhibits, Thibodeaux urges the Court to reconsider Paragraph 24 of the BSEE Accident/Incident Form.[39]  Paragraph 24 states in relevant part:

> Chevron U.S.A. Inc. failed to protect health, safety and the environment by not performing operations in a safe and workmanlike manner as follows: Chevron U.S.A. Inc. failed to properly supervise the dismantling of a potable water tank in a safe manner to protect the equipment and employees. Chevron employees failed to depressurize a bladder before dismantling a potable water tank as per the

---

[35] FED. R. EVID. 803(8)(A)(iii).
[36] FED. R. EVID. 803 advisory committee notes.
[37] *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988).
[38] *See* R. Doc. 67 at 4.
[39] R. Doc. 150 at 1–3.

manufacturer guidelines causing the bladder to rupture resulting in severe injuries to an employee.[40]

Paragraph 24 contains impermissible legal conclusions concerning the probable cause, but-for cause, and contributing causes of the accident and thus does not fall under the exception to the rule against hearsay. Accordingly, Paragraph 24 is inadmissible hearsay. A portion of the Notification of Incidents of Noncompliance signed by Elliott S. Smith, which is attached to the report, contains the same language as Paragraph 24.[41] Therefore, that portion of the notification by Elliot S. Smith is likewise inadmissible.[42] The Court finds that admitting Paragraph 24 and the aforementioned portion of the notification into evidence would result in a manifest injustice.

Therefore, the Court amends its ruling contained in Record Document 67 to provide that, while the majority of the BSEE report is fact-based and therefore admissible under Rule 803(8), Paragraph 24, in addition to Paragraphs 8, 18, and 19, of the Accident Investigation Report, the Notification of Incidents of Noncompliance signed by Elliott S. Smith, and Paragraph 7 of the Accident/Incident Form contain BSEE's legal conclusions concerning the probable cause of the accident and the contributing causes of the accident and as a result are inadmissible hearsay. Most of the remainder of the BSEE report and the attachments thereto is admissible.[43]

---

[40] *See* R. Doc. 40-2 at 28.
[41] *See* R. Doc. 40-2 at 57.
[42] *Id.* This attachment is currently Exhibit 223 in the parties' exhibit book. The language can be found on bates No. 4642.
[43] Exhibit 224 of the parties' exhibit book, the contents of which can be found in R. Doc. 40-2 at 58–59, will be excluded pursuant to the Court's Order on Pentair's motion *in limine* regarding subsequent remedial measures. *See* R. Doc. 167.

New Orleans, Louisiana, this 24th day of May, 2016.

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**