## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL C. THIBODEAUX,** | **CIVIL ACTION** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO. 12-1375** |
| | |
| **WELLMATE, ET AL.** | **SECTION: "E" (5)** |
| **Defendants** | |

## <u>ORDER AND REASONS</u>

Before the Court are the parties' objections to exhibits.[1] The Court has considered the parties' respective objections and responses[2] and rules as follows:

I.    DEFENDANT'S OBJECTIONS

A.    <u>Exhibits 187, 188, 190, 192, 195–202, 206–216, and 219</u>

Plaintiff has withdrawn Exhibits 187, 188, 190, 192, 195–202, 206–216, and 219. Therefore, Defendant's objections are **OVERRULED AS MOOT**.

B.    <u>Exhibit 186</u>

Exhibit 186 contains photographs of Plaintiff's injuries. The Court has addressed the admissibility of the photographs contained in Exhibit 186 in the Court's order on Defendant's motion *in limine*.[3] For the reasons set forth therein, Defendant's objection to Exhibit 186 is **OVERRULED**.

C.    <u>Exhibit 189</u>

Exhibit 189 is the 2008 owner's manual for the Pro-Source Composite water pressure tank, a different brand and model of water pressure tank from the subject tank

---

[1] R. Doc. 146 (Defendant's objections to Plaintiff's exhibits); R. Doc. 150 (Plaintiff's objections to Defendant's exhibits).
[2] R. Doc. 153 (Defendant's response to Plaintiff's objections); R. Doc. 163 (Plaintiff's response to Defendant's objections).
[3] R. Doc. 168 (Order); R. Doc. 128 (Defendant's motion *in limine*).

at issue. Chevron installed the Pro-Source Composite tank at one of its facilities after Thibodeaux's accident.

"[N]either the text of rule 407 nor the policy underlying it excludes evidence of subsequent repairs made by someone other than the defendant."[4] Therefore, Thibodeaux's argument that the evidence of Pro-Source's subsequent tank design is inadmissible under Rule 407 is unavailing. Nevertheless, "[a]ny evidence not excluded by Rule 407, of course, must still be relevant and its probative value must, under Rule 403, outweigh any dangers associated with its admission."[5]

In the Court's order on Defendant's motion *in limine* regarding subsequent remedial measures,[6] the Court found that evidence of the warnings and procedures implemented by Chevron after the accident is not relevant to whether Defendant's warnings were adequate "at the time the product left its manufacturer's control."[7] The Court similarly finds that evidence regarding a tank manufactured by a different company and installed by Chevron on one of its facilities after Plaintiff's accident is not relevant to whether the Pentair tank at issue was unreasonably dangerous "at the time the product left the control of its manufacturer."[8] The Fifth Circuit "ha[s] held in several product liability cases . . . that evidence of subsequent changes by third parties is properly excludable because of its tendency to 'confuse the jury by diverting its attention from whether the product was defective at the relevant time [i.e., the time of manufacture] to what was done later.'"[9] Like the Fifth Circuit in *Grenada Steel Industries, Inc. v. Alabama*

---

[4] *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983).
[5] *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 584 (5th Cir. 1985).
[6] R. Doc. 167 at 4–5 (Order); R. Doc. 126 (Motion *in limine*).
[7] LA. REV. STAT. § 9:2800.57.
[8] LA. REV. STAT. § 9:2800.54.
[9] *Middleton v. Harris Press & Shear, a Subsidiary of Am. Hoist & Derrick Co.*, 796 F.2d 747, 752 (5th Cir. 1986) (quoting *Grenada Steel*, 695 F.2d at 888, 889).

*Oxygen Co.*, this Court "fail[s] to see how an alternative design, developed by another person years after the product in question was manufactured, is relevant to whether the product was reasonably safe at the time it was made."[10] The probative value of Exhibit 189 is substantially outweighed by the risk of prejudice, confusing the issues, and misleading or confusing the jury.[11] Accordingly, Defendant's objection to Exhibit 189 is **SUSTAINED**.

    D.  Exhibits 191, 221

Exhibits 191 and 221 contain photographs of warning signs Chevron put in place after the accident at issue. The Court addressed the admissibility of such evidence in its order on Defendant's motion *in limine* regarding subsequent remedial measures.[12] For the reasons stated therein, Defendant's objections to Exhibits 191 and 221 are **SUSTAINED**.

    E.  Exhibit 193

Exhibit 193 is a video demonstrating the replacement procedure for a Pentair water tank that was designed after the manufacture of the tank at issue but before Plaintiff's accident.[13]

The Fifth Circuit has made clear that Rule 407 does not apply to evidence of changes, even remedial measures, made before the accident giving rise to the litigation. "By definition, the rule excludes only post-accident remedial measures."[14] "The admission of evidence of changes made merely to improve a product, as distinguished from remedial

---

[10] *Grenada Steel*, 695 F.2d 883, 889 (5th Cir. 1983).
[11] Fed. R. Evid. 403.
[12] R. Doc. 167 (Order); R. Doc. 126 (Motion *in limine*).
[13] *See* R. Doc. 146 at 12; R. Doc. 163 at 9.
[14] *Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 429–30 (5th Cir. 2006).

measures that make an 'injury or harm less likely to occur,' is not barred by the rule."[15] The advisory committee notes underscore that Rule 407 applies only to evidence of post-accident remedial measures: "Evidence of measures taken by the defendant prior to the 'event' causing 'injury or harm' do not fall within the exclusionary scope of Rule 407 even if they occurred after the manufacture or design of the product."[16] Therefore, Rule 407 does not render Exhibit 193 inadmissible.

Plaintiff's counsel informed the Court that Plaintiff seeks to introduce Exhibit 193 only for impeachment purposes. Accordingly, the Court **DEFERS** ruling on Defendant's objection to Exhibit 193.

### F.  Exhibit 194

Exhibit 194 constitutes screenshot images taken on February 26, 2016, of the Frequently Asked Questions portion of Wellmate's website as it appeared on February 26, 2016. There is no evidence to suggest that the screenshot images reflect Wellmate's website at the time of Plaintiff's accident. The exhibit contains answers to questions such as "How do you check the air cell pressure?" and "Can the air cell be replaced in the WELLMATE pressure tank?"

The Court finds Exhibit 194 is irrelevant because Plaintiff's accident occurred on July 5, 2011, but the image reflects Wellmate's website as it was on February 26, 2016.[17] The exhibit does not pertain to any issue in this case, including whether the Wellmate 12 tank at issue was unreasonably dangerous "at the time the product left its manufacturer's control."[18] Accordingly, Defendant's objection to Exhibit 194 is **SUSTAINED**.

---

[15] *Id.* at 428.
[16] FED. R. EVID. 407 advisory committee's note to 1997 amendments.
[17] *See* FED. R. EVID. 401.
[18] LA. REV. STAT. § 9:2800.57.

G.  <u>Exhibits 203, 204, 205, 217, 218, and 220</u>

Exhibits 203, 204, 205, 217, and 220 contain photographs of the design of tanks manufactured after the tank at issue but before Plaintiff's accident.[19] Exhibit 218 contains photographs, specifications, and other documents regarding Wellmate tanks. Defendant objects to Exhibit 218 only insofar as it contains documents that post-date January 2006, the date by which the parties stipulate the tank at issue was manufactured.[20]

The Court has addressed the admissibility of evidence of Defendant's design changes to Wellmate tanks after the date of manufacture but before Plaintiff's accident in the Court's order on Defendant's motion *in limine*.[21] For the reasons stated therein, such evidence is not excluded under Rule 407.

Moreover, the Court finds that such evidence is relevant to the matters at issue and its probative value is not substantially outweighed by any risk of prejudice, confusing the issues, or misleading the jury.[22] Defendant's objections to Exhibits 203, 204, 205, 217, 218, and 220 are **OVERRULED**.

II.  PLAINTIFF'S OBJECTIONS

A.  <u>Exhibits 222, 223, 224</u>

Exhibit 222 contains the accident investigation report issued by the Bureau of Safety and Environmental Enforcement ("BSEE"). Exhibits 223 and 224 contain attachments to the BSEE report. The Court has addressed the admissibility of Exhibits 222 and 223 in its order on Paragraph 29 of Plaintiff's omnibus motion *in limine*.[23]

---

[19] *See* R. Doc. 146 at 13; R. Doc. 163 at 10.
[20] *See* R. Doc. 146 at 17; R. Doc. 114 at 7.
[21] R. Doc. 167 at 3–4 (Order); R. Doc. 126 (Motion *in limine*).
[22] FED. R. EVID. 403.
[23] R. Doc. 67.

In part, the Court's order on Paragraph 29 of Plaintiff's omnibus motion *in limine* excluded the paragraph that begins "INC G-110 is issued 'After the Fact' to document that . . ." on Bates No. 4637 of Exhibit 222. This paragraph also appears on Bates No. 4642 of Exhibit 223.[24] During the telephone status conference on May 26, 2016, the Court clarified that this paragraph is excluded on both Bates Nos. 4637 and 4642. The Court also clarified that the remainder of both Bates No. 4637 and Bates No. 4642 is not excluded. The Court clarified that Bates Nos. 4636 and 4641 are not excluded.

For the reasons set forth in the Court's order,[25] Plaintiff's objection to Exhibit 222 with respect to Paragraphs 8, 18, 19, and 24 of the Accident Investigation Report and Paragraph 7 of the Accident/Incident Form, as well as the paragraph on Bates No. 4637 that begins "INC G-110 is issued 'After the Fact' to document that . . . " is **SUSTAINED**. Plaintiff's objection to Exhibit 222 is otherwise **OVERRULED**. Plaintiff's objection to Exhibit 223 is **SUSTAINED IN PART** and **OVERRULED IN PART**. The Court sustains the objection to Exhibit 223 with respect to the paragraph that begins "INC G-110 is issued 'After the Fact' to document that . . ." on Bates No. 4642. Plaintiff's objection to Exhibit 223 is otherwise overruled.

Exhibit 224 details Chevron's subsequent remedial measures taken after BSEE issued its investigative findings. The Court addressed the admissibility of evidence of Chevron's subsequent remedial measures in the Court's Order on Defendant's motion *in limine* regarding subsequent remedial measures.[26] For the reasons set forth therein, Exhibit 224 is not admissible, and Plaintiff's objection to Exhibit 224 is **SUSTAINED**.

---

[24] *See* R. Doc. 171 at 8–10.
[25] *Id.*
[26] *See* R. Doc. 167 at 4–5.

B.  Exhibit 226

Exhibit 226 is a notice to lessees and operators of federal oil and gas leases in the Outer Continental Shelf, Gulf of Mexico OCS region titled "Guidelines for Tie-downs on OCS Production Platforms for Upcoming Hurricane Seasons."

Defendant's counsel informed the Court that Defendant seeks to introduce Exhibit 193 only for impeachment purposes. Accordingly, the Court **DEFERS** ruling on Plaintiff's objection to Exhibit 193.

C.  Exhibits 231, 232, and 235

Exhibit 231 contains the file for Defendant's proffered engineering expert Thomas Proft. Defendant seeks to admit Proft's entire file, which contains documents he received, reviewed, and relied on when forming his opinions.[27]

The Court ordered that Defendant identify which portions of Exhibit 231 Defendant intends to introduce at trial and explain why those portions are admissible under the Federal Rules of Evidence.[28] Defendant apparently intends to introduce the entirety of Exhibit 231.[29] Defendant relies on Rule 702 of the Federal Rules of Evidence and Louisiana law. Rule 702 generally governs the admissibility of testimony by an expert witness and does not provide a basis for admitting the files on which an expert relies. Further, Defendant's reliance on Louisiana law is unavailing, as the Federal Rules of Evidence governs the admissibility of evidence.[30] Plaintiff's objection to Exhibit 231 is **SUSTAINED**. Proft may testify as to what files and documents he relied on to form his opinions, but Exhibit 231 is not admissible.

---

[27] R. Doc. 153 at 7.
[28] R. Doc. 169.
[29] *See* R. Doc. 170.
[30] FED. R. EVID. 1101(b); *Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985).

Exhibit 232 contains the file for Defendant's proffered human factors expert Stephen Young. The Court has ruled that Young is prohibited from testifying as an expert in this matter.[31] Plaintiff's objection to Exhibit 232 is **OVERRULED AS MOOT**.

Defendant has withdrawn Exhibit 235. Therefore, Plaintiff's objection to Exhibit 235 is **OVERRULED AS MOOT**.

D.  Exhibits 233 and 234

Exhibits 233 and 234 are invoices from Bryan Durig to Provost Umphrey Law Firm. Durig has been withdrawn as an expert witness in this matter and will not render expert opinions at trial. His report will not be admitted into evidence. Durig has been re-designated as a fact witness but will not be called to testify at trial.[32] Accordingly, invoices Durig sent to Provost Umphrey Law Firm are irrelevant and thus inadmissible. Plaintiff's objections to Exhibits 233 and 234 are **SUSTAINED**.

**New Orleans, Louisiana, this 26th day of May, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] *See* R. Doc. 165 at 6.
[32] *See* R. Doc. 118 at 4.