UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOEL C. THIBODEAUX,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1375** |
| **WELLMATE, et al.,**<br>    **Defendant** | **SECTION: "E"** |

### ORDER AND REASONS

This matter comes before the Court on a motion for new trial filed by Plaintiff, Joel C. Thibodeaux, on his failure-to-warn claim, pursuant to Federal Rule of Civil Procedure 59(a).[1] Intervenor, Chevron USA, Inc., also filed a motion for new trial on the Plaintiff's failure to warn claim, adopting the arguments made by Plaintiff.[2] Defendant, Pentair Water Treatment (OH) ("Pentair"), opposes the motions.[3] For the reasons that follow, the motions are **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

The Plaintiff filed suit under the Louisiana Product Liability Act[4] seeking damages for injuries he suffered while servicing a water pressure tank manufactured by Pentair. Plaintiff's asserted product liability claims included defective design and manufacture and failure to warn. The jury returned a verdict on June 7, 2016, finding that the Pentair water pressure tank was not unreasonably dangerous.[5] The Court rendered judgment in Pentair's favor that same day.[6]

---

[1] R. Doc. 216.
[2] R. Doc. 217.
[3] R. Doc. 219.
[4] La. R.S. 9:2800.51, *et seq.*
[5] R. Doc. 210.
[6] R. Docs. 211, 215.

1

## LAW AND ANALYSIS

A motion for new trial under Rule 59(a) is an extraordinary remedy that should be used sparingly.[7] Rule 59(a) provides, specifically, that the district court may grant a new jury trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court."[8] Although Rule 59(a) does not delineate the precise grounds for granting a new trial, the Fifth Circuit has held that Rule 59(a) allows the district court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[9] Still, the decision whether to grant a new trial under Rule 59(a) is left to the sound discretion of the trial judge, and the court's authority is broad.[10]

The undisputed evidence showed there was no warning label on the water pressure tank at the time of Plaintiff's accident.[11] Plaintiff argues that Pentair could escape liability for its failure to warn only by proving that the warning label was on the tank at the time of manufacture and at the time the tank left Pentair's control.[12] Plaintiff contends a new trial is warranted because Pentair was allowed to introduce the expert testimony of Thomas Proft[13] that warning labels were applied to the water tank at the time it was manufactured and that the warning labels were present when the water tank left Pentair's control, while the Plaintiff was prohibited from cross-examining Mr. Proft as to "the length of time a warning label should last and the sufficiency of the adhesive that should

---

[7] *Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000) (citing *Avondale Indus., Inc. v. Bd. of Comm'rs of the Port of New Orleans*, No. 94-2786, 1996 WL 413645, at *2 (E.D. La. July 24, 1996)).
[8] FED. R. CIV. P. 59(a). *See Smith v. Transworld Co.*, 773 F.2d 610, 613 (5th Cir. 1985).
[9] *See Smith*, 773 F.2d at 613 (citing *Reed Bros., Inc. v. Monsato Co.*, 525 F.2d 486, 499–50 (8th Cir. 1975)).
[10] *In re Omega Protein, Inc.*, No. 04-02071, 2007 WL 1974309, at *2 (W.D. La. July 2, 2007). *See also Thomas v. Concerned Care Home Health, Inc.*, No. 13-5912, 2016 WL 930943, at *2 (E.D. La. Mar. 11, 2016).
[11] R. Doc. 114 at 8 ¶ 31.
[12] R. Doc. 216-1 at 3.
[13] Mr. Proft was allowed to testify as an expert in material science and engineering. *See* R. Doc. 213 at 8:16–20 (Trial Tr. June 6, 2016).

be used when applying a warning label to a product."[14] Plaintiff argues his inability to cross-examine Mr. Proft deprived him of a fair trial with respect to Pentair's duty to warn because Plaintiff should have been allowed to show the jury through cross-examination that, even if a warning label was applied to the water tank at the time it was manufactured, Mr. Proft's testimony that the label remained on the tank until the time it left Pentair's control was not credible.[15] Plaintiff argues "the presence (or absence) of warning labels on the water tank—both at the time of manufacture and at the time it left Pentair's control—necessarily implicates the adequacy of the warning,"[16] and, as a result, entitles him to a new trial on this issue. Plaintiff argues that this error is compounded by the fact that the Court precluded his expert, Cynthia Smith, from testifying about "whether warning labels were present on the Wellmate tank at the time the tank left Pentair's control."[17]

Defendants admit Mr. Proft testified he found evidence that a warning label existed at one time on the drain assembly of the water pressure tank but argue that the adequacy of the language in the warning label is outside the expertise of Mr. Proft and beyond the scope of his direct examination. Defendants argue further that Plaintiff has not explained why testimony concerning whether the warning was on the tank at the time it left Pentair's control affected the jury finding that the tank was not unreasonably dangerous based on the warning.[18]

---

[14] R. Doc. 216-1 at 5.
[15] R. doc. 216-1 at 6.
[16] R. doc. 216-1 at 5.
[17] R. Doc. 172 at 7. The Court excluded Ms. Smith's testimony on the existence and permanency of the warnings because it was not based on sufficient facts or data and was not the product of reliable principles and methods. *Id.* at 8.
[18] R. Doc. 219 at 2.

Plaintiff argues that the Court committed prejudicial error when it sustained objections to his counsel's cross-examination of Mr. Proft. A motion for new trial may be granted only if substantial errors occurred in the admission or rejection of evidence at trial.[19] Plaintiff argues that the Court committed substantial error in the rejection of certain testimony by refusing to allow his counsel to cross-examine Mr. Proft on (1) whether the label was on the tank at the time of manufacture and at the time the tank left the control of Pentair, (2) the sufficiency of the adhesive used to attach the warning to the tank, and (3) the length of time the warning could have been expected to stay on the tank.[20] Plaintiff, without a clear explanation, argues this line of questioning is relevant to the sufficiency of the wording of the warning.[21]

The questions asked of Mr. Proft on direct were:

Q. In your opinion, is there physical evidence here to suggest that the warning label that was to be applied at manufacture was, in fact, applied at the time of manufacture?

A. The warning label was specified to be applied in this area. We can see a very sharp line at this point and a less distinct line across the bottom that seem to indicate that material was protected for a longer amount of time than, let's say, this material here, in other words, protected from the environment, which would imply that there was something on top of it such as the label.[22]

\*\*\*

Q. [I]n your opinion, was the warning label applied to the drain assembly at the time of manufacture by Pentair?

A. Yes.[23]

---

[19] *Goodman v. Pennsylvania Tpk. Comm'n*, 293 F.3d 655, 676 (3d Cir. 2002).
[20] R. Doc. 216-1 at 5.
[21] R. Doc. 216-1 at 5.
[22] R. Doc. 213 at 25:21–26:5 (Trial Tr. June 6, 2016).
[23] *Id.* at 27:12–15.

4

Plaintiff's counsel did not object to either of these questions.[24] To the extent that Plaintiff's motion rests on the impropriety of the admission of this testimony, that argument is waived because the Plaintiff failed to object. When "no good reason is shown for the failure of appellant's trial counsel to object to the admission of evidence, the objection is deemed to have been waived."[25] Plaintiff's counsel showed no good reason for his failure to object. Even if Plaintiff's counsel had objected, the testimony elicited from Mr. Proft was relevant and admissible and did not run afoul of any of the Court's pretrial rulings on motions *in limine*. Its admission did not amount to substantial error.

According to the Plaintiff, the questions asked of Mr. Proft on direct opened the door to the questions Plaintiff was not allowed to ask on cross-examination. With respect to the first line of questioning, whether the label was on the tank at the time of manufacture and at the time the tank left the control of Pentair, the record reflects that Plaintiff's counsel was allowed to cross-examine the witness on this issue.[26] As a result, there was no rejection of this testimony and there can be no substantial error in this regard.

With respect to the second and third lines of questioning, the sufficiency of the adhesive and the time the warning might be expected to remain on the tank, the Court finds that the questions asked of Mr. Proft on direct did not open the door to these areas of inquiry on cross. Rule 611(b) of the Federal Rules of Evidence provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and

---

[24] *Id.* at 25:21–26:5, 27:12–15.
[25] *Rojas v. Richardson*, 703 F.2d 186, 189 (5th Cir.), *on reh'g*, 713 F.2d 116 (5th Cir. 1983) (*quoting Puryear v. United States,* 378 F.2d 29, 30 (5th Cir.1967)). *See also Jenkins v. General Motors Corp.,* 446 F.2d 377 (5th Cir.1971), *cert. denied,* 405 U.S. 922 (1972) (noting that a timely objection generally is required to preserve appealability); *United States v. Rayborn,* 310 F.2d 339 (6th Cir.1962), *cert. denied,* 373 U.S. 952 (1963).
[26] R. Doc. 213 at 68:5–7 and 25 and 69:14–70:5 (Trial Tr. June 6, 2016).

matters affecting the witness's credibility." Mr. Proft's testimony that there was a warning label at the time of manufacture and at the time the tank left the control of Pentair clearly did not open the door to cross-examination as to the adequacy of the warning or how long the warning could have been expected to stay on the tank. Mr. Proft did not testify about the content of the warning or its adequacy or the adhesive used to affix the warning to the tank. Instead, he testified that he is not a warnings expert.[27] The Court did not commit substantial error in sustaining objections to Plaintiff's cross-examination of Mr. Proft. "A trial court, based upon its sound discretion, may limit the scope and extent of cross-examination, and its decision will not be disturbed on review unless an abuse of discretion is present."[28] The Court did not abuse its discretion in this regard.

The Court did not commit substantial error with respect to the admission or rejection of testimony. A new trial on Plaintiff's failure-to-warn claim is not warranted.[29]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiff's and Intervenor's motions for new trial are **DENIED**.

**New Orleans, Louisiana, this 3rd day of August, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 213 at 68:12 (Trial Tr. June 6, 2016).
[28] *United States v. Ramirez*, 622 F.2d 898, 899 (5th Cir. 1980).
[29] *See Facille v. Madere & Sons Towing, LLC*, No. 13-6470, 2015 WL 5017012, at *10 (E.D. La. Aug. 21, 2015) (citing *United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001)).